IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


PHILLIP VAN ZANT,

    Petitioner,

v.                                                    CASE NO. 4:07-cv-532-MP-AK

FLORIDA PAROLE COMMISSION,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Doc. 11, Amended Petition for Writ of Habeas Corpus, filed by Phillip Van Zant. Petitioner was previously granted leave to proceed *in forma pauperis*. Respondent has filed a response, Doc. 15, and Petitioner has filed his reply. Doc. 17. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that habeas relief be denied.

       In this case, Petitioner, who is serving a life sentence for second degree murder, challenges the December 13, 2006, decision by the Florida Parole Commission extending his presumptive parole release date from January 9, 2012, to January 9, 2016, based on four allegedly unconstitutional disciplinary reports and setting off his next parole interview for five years instead of two. Doc. 11 at 1 & 30. Respondent claims that Petitioner has not exhausted his available state remedies on these two issues and that the instant petition, which was provided to

prison authorities for mailing on December 11, 2007, is not timely.  In response, Petitioner argues that because he has already "exhausted his state court appeals with regards to all four procedurally flawed disciplinary reports, [he] could not expect a different result...."  He also claims that because he previously challenged a prior set-off decision, he "could not get a different result just because the Respondent used these same reasons to extend his parole interviews" on this occasion.  *Id*. at 38-39.

Respondent's claim that the instant petition is untimely is easily disposed of, as the one-year statute of limitations began to run with the entry of the revocation order on or about December 13, 2006.  *Chambers v. Florida Parole Commission*, 257 Fed. Appx. 258 (11th Cir. 2007).  Because the instant petition was given to prison authorities for mailing on December 11, 2007, the instant petition was timely filed by two days.  *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

As to exhaustion, section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A) and (B).  A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").  To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

While it is clear that Petitioner challenged each of the four underlying disciplinary reports in state court, *see* Doc. 11, he did not then challenge them in this Court via habeas corpus because, according to him, until the December 13, 2006, decision by the Commission, the DR's had not been used to increase the duration of his confinement.[1] He cannot, however, dispute that he did not challenge the 2006 Commission decision itself, either administratively or in state court. In his view, a state court challenge

---

[1] While Petitioner only received disciplinary confinement on three of the DR's, he lost 60 days of gain time on a fourth, thereby undercutting his argument that the DR's did not affect the duration of his confinement until they were used by the Parole Commission.

*Case No: 4:07-cv-532-MP-AK*

essentially would have been futile, as he "could not expect the state courts to reverse their prior rulings...just because the Respondent used the disciplinary reports 2 years later to extend his parole release date by 48 months." Doc. 17.  He claims that "the same holds true for the reasons the Respondent gave for extending [his] parole interviews from once every 2 years to once every 5 years," and that he "previously exhausted his state court appeals in regards to this issue and was denied relief." *Id.*[2]

Respondent plainly provides a prisoner, such as Petitioner, with administrative and state court avenues for contesting parole decisions. *See Griffith v. Florida Parole & Probation Commission*, 485 So.2d 818, (Fla. 1986) (review of parole decision is not available under Administrative Procedure Act but instead via common law writs of mandamus and habeas corpus); *Richardson v. Florida Parole Commission*, 924 So.2d 908 (Fla. Dist. Ct. App. 2006) (review of circuit court's ruling on habeas petition challenging Commission action is by petition for writ of certiorari).  While it is true that it was unlikely that a state court would have re-reviewed the constitutionality of the four DR's which Petitioner had previously unsuccessfully challenged in other proceedings, Petitioner overlooks the fact that the Commission's 2006 decision was predicated on other considerations as well, including the use of a firearm in the underlying criminal conviction, a continuing pattern of criminal conduct, and the risk of harm to others if Petitioner were released, and thus, his failure to pursue his administrative and state court

---

[2]Even if the Court accepts this statement as true as it relates to a 2002 parole decision, it does not mean that Petitioner "exhausted" the issue of the set off after the subsequent 2006 decision.

remedies prevented either the Commission or the courts from reviewing the propriety of these other reasons in the first instance. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (state must be given first opportunity to pass upon and correct alleged violations of state prisoner's rights under federal constitution).

Because Petitioner is now foreclosed from seeking review of the 2006 decision in state court, his claims related to that decision are considered technically exhausted, and therefore, he must show cause for the default and prejudice resulting from the alleged constitutional violations or demonstrate that a fundamental miscarriage of justice will result if this Court does not consider the claims. To show cause for the default, Petitioner must show that an "external impediment," such as "governmental interference" or the "reasonable unavailability of the factual basis of the claim," prevented him from challenging the 2006 parole decision in state court. *McClesky v. Zant*, 499 U.S. 467, 497 (1991). As discussed previously, Petitioner made a conscious decision not to pursue his administrative and state court remedies; therefore, he cannot show cause for the default. Because he cannot show cause, the Court need not consider the issue of prejudice.

To satisfy the miscarriage of justice exception, Petitioner must show that a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To the extent that Petitioner asks this Court to review the four underlying DR's, this Court has no authority in that regard as their constitutionality has been established. *See, e.g., Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 402-04 (2001) (where prior conviction used to enhance sentence is no longer open to direct or collateral attack because prisoner failed to pursue

available remedies or was unsuccessful in his attack, prisoner may not collaterally attack prior conviction under § 2254).

Furthermore, Petitioner has no constitutional right to be paroled or any right to a parole hearing every two years. Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission..." *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986) (citing *Moore v. Florida Parole & Probation Commission*, 289 So. 2d 719 (Fla. 1974)). While it is true that prisoners may "claim the protections of the Due Process Clause," *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), due process exists to protect a liberty interest, and "[t]here is no constitutional right to parole in Florida." *Jonas*, 779 F.2d at 1577 (citing *Hunter v. Florida Parole & Probation Commission*, 674 So. 2d 847, 848 (11th Cir. 1982)).[3] Because there is no liberty interest in parole, there is generally no trigger to bring in the protections of the Due Process Clause. *Hunter*, 674 F.2d at 848 (rejecting claim that Commission improperly calculated presumptive parole release date and thus, violated due process; holding that because there was no liberty interest in parole, there was no due process violation). Because a prisoner has no liberty interest in obtaining parole in Florida, he cannot complain about the constitutionality of procedural devices attendant to parole decisions, including the interval between parole hearings. *See Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995); *see also Staton v. Wainwright*, 665 F.2d 686

---

[3] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." Fla. Stat. Ann. § 947.002(5).

(5th Cir.), *cert. denied*, 456 U.S. 909 (1982) (because Florida parole statutes do not create protectable liberty interest in parole, there is no constitutional right to timely initial interview). The only potential exception is the use of false information by the Parole Commission. *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991) (holding that Parole Board's discretion does not permit it to knowingly rely on false information to deny inmate parole); *see also Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (stressing that "absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts"); *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 932 (11th Cir. 1986) (finding that inmate "raised a colorable due process claim with respect to the use of procedurally flawed disciplinary reports in modifying a PPRD").

  Because Petitioner has no constitutional right to parole and he cannot show that false information was used by the Commission in reaching its decision, there can be no fundamental miscarriage of justice if the Court does not consider his claims related to the 2006 parole decision.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus, Doc. 11, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *10th* day of June, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**