IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


PHILLIP VAN ZANT,

       Petitioner,

v.                                CASE NO. 4:07-CV-532-MMP-AK

FLORIDA PAROLE COMMISSION,

       Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 22, Report and Recommendation of the

Magistrate Judge, which recommends that Petitioner's Amended Petition for Writ of Habeas

Corpus at Doc. 11 be denied and that Petitioner's cause be dismissed with prejudice. The

Magistrate Judge filed the Report and Recommendation on June 10, 2009. The parties were

furnished a copy of the Report and Recommendation and were afforded an opportunity to file

objections. On July 2, 2009, Petitioner filed objections to the Report and Recommendation.

Doc. 23, as corrected by Doc. 24. Pursuant to Title 28, United States Code, Section 636(b)(1),

this Court has made a *de novo* review of those portions to which Petitioner made objections. For

the reasons stated below, the Court has determined that the Report and Recommendation should

be adopted.

On December 19, 1979, Petitioner received a life sentence for second degree murder.

Doc. 15 at 2. While in prison, Petitioner received four Disciplinary Reports (DR's), which were

used by the Florida Parole Commission on December 13, 2006 to increase his presumptive

parole release date (PPRD) from January 9, 2012 to January 9, 2016 and to set his parole

interview for every five years instead of every two. Doc. 11. Petitioner has challenged the constitutionality of each of the four DR's in state court. Doc. 11. The state court held that the four DR's were constitutional. Doc. 11. Petitioner did not challenge the constitutionality of the four DR's in Federal Court via habeas corpus. With regard to the 2006 decision by the Florida Parole Commission, Petitioner did not challenge the constitutionality of it in state court, instead Petitioner challenged the constitutionality of it in this Court and that challenge is the subject of the Amended Petition for Writ of Habeas Corpus. In his amended petition, Petitioner claims that the 2006 decision by the Florida Parole Commission was based on four allegedly unconstitutional DR's. Doc. 11.

The Magistrate Judge correctly determined that Petitioner's Amended Petition for Writ of Habeas Corpus should be denied. Doc. 22 at 8. Respondent claims that Petitioner has not exhausted his available state remedies on his challenge of the constitutionality of the 2006 decision by the Florida Parole Commission. Doc. 15; <u>see</u> 28 U.S.C. § 2254(b)(1)(A) and (B); <u>see also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process" before filing for a writ of habeas corpus in Federal Court). Petitioner has failed to challenge the 2006 decision in state court within the two year time period of a Rule 3.850 motion. FLA. R. CRIM. P. 3.850(b). As a result, Petitioner has defaulted his challenge from state court review. Defaulted challenges from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). <u>Coleman v. Thompson</u>, 501 U.S. 722, 732 (1991). However,

[i]n all cases in which a state prisoner has defaulted his federal claims in state

> court pursuant to an independent and adequate state procedural rule, federal
> habeas review of the claims is barred unless the prisoner can demonstrate
> cause for the default and actual prejudice as a result of the alleged violation
> of federal law, or demonstrate that failure to consider the claims will result
> in a fundamental miscarriage of justice.

Id. at 750.

Therefore, Petitioner has technically exhausted his state court remedies.  Now, to overcome this procedural barrier, Petitioner must show cause for default and prejudice resulting from the alleged constitutional violations or demonstrate that a fundamental miscarriage of justice will result if this Court does not consider the claim.  The Court agrees with the Magistrate Judge's finding that Petitioner cannot show cause for default and prejudice resulting from the alleged constitutional violations because Petitioner cannot show that an "external impediment" prevented him from challenging the 2006 parole decision in state court.  Doc. 22 at 5; relying on McClesky v. Zant, 499 U.S. 467, 497 (1991).  Moreover, the Court agrees with the Magistrate Judge's finding that Petitioner cannot show that a fundamental miscarriage of justice will result if this Court does not consider the claim for the following reasons.  Doc. 22 at 5-6.  To satisfy the miscarriage of justice standard, Petitioner must show that the constitutional violations that occurred in the four DR's resulted in disciplining him when he was actually innocent of the four DR's.  Schlup v. Delo, 513 U.S. 298, 327 (1995).

The Magistrate Judge reasoned that "to the extent that Petitioner asks this Court to review the four underlying DR's, this Court has no authority in that regard as their constitutionality has been established."  Doc. 22 at 5; relying on Lackawanna County District Attorney v. Coss, 532 U.S. 394, 402-04 (2001).  The constitutionality of the four DR's has been established according to the Magistrate Judge because, although Petitioner exhausted his state

remedies as to each DR, he nonetheless failed to challenge the constitutionality of each DR in Federal Court via habeas corpus. The Magistrate Judge cited <u>Coss</u> for the proposition that Petitioner cannot now challenge the constitutionality of the four DR's in any way. However, <u>Coss</u> states that a Petitioner may challenge via habeas corpus the constitutionality of a prior conviction used to enhance a sentence even when the challenge for the prior conviction is untimely if the Petitioner is claiming he is actually innocent of the prior conviction. <u>Coss</u>, 532 U.S. at 404-05.

For Petitioner to prove he is actually innocent of the four DR's, Petitioner must provide new evidence to the Court showing that it is more likely than not that no reasonable hearing officer would have found Petitioner guilty beyond a reasonable doubt of the disciplinary reports. <u>See</u> <u>Schlup</u>, 513 U.S. at 327. Petitioner did not provide new evidence to the Court. Instead, Petitioner argued that there were procedural flaws during the disciplinary hearings that made the DR's false such as not being allowed to call witnesses and not being allowed to examine evidence used against him. Doc. 11. Therefore, Petitioner did not satisfy the standard for actual innocence because he failed to provide new evidence to the Court showing that it is more likely than not that no reasonable hearing officer would have found Petitioner guilty beyond a reasonable doubt of the four DR's. <u>See</u> <u>Schlup</u>, 513 U.S. at 327. As a result, Petitioner cannot challenge the constitutionality of the four DR's.

Because Petitioner cannot challenge the constitutionality of the four DR's, he cannot demonstrate that a fundamental miscarriage of justice will result if this Court does not consider his claim. Therefore, Petitioner cannot challenge the constitutionality of the 2006 decision by the Florida Parole Commission.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation is adopted and incorporated
        by reference in this order.

2.      Petitioner's Amended Petition for Writ of Habeas Corpus at Doc. 11 is denied and
        Petitioner's cause is dismissed with prejudice.


**DONE AND ORDERED** this _20th_ day of November, 2009

                _s/Maurice M. Paul_
                Maurice M. Paul, Senior District Judge